# UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

In re:

**Humberto Gomez**

* Debtor(s)

Case Number: **18-05119**
Chapter: **13**

## CERTIFICATE OF MAILING

The undersigned employee in the office of:

Tullio DeLuca, Esquire

hereby certifies that a copy of the attached Notice and 1st Amended Plan was mailed today to all parties named on the mailing list attached hereto by regular first class mail.

DATED: May 6, 2019

SIGNED: *Maria Wertz*

TITLE: __Secretary__

Rev. 04/19/07

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

In Re: Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, and trade):

**HUMBERTO GOMEZ**

Chapter: 13

Case No.: 5-18-05119

Debtor(s)

## NOTICE

The confirmation hearing on the 1st Amended Plan ("Plan") has been scheduled for the Debtor(s) at the following date, time, and location:

Date: 6/11/19     Time: 9:30 am

Location: 197 S Main St, Courtroom #2, Max Rosenn US Courthouse, Wilkes-Barre, PA 18701

The deadline for filing objections to confirmation of the Plan is: 6/4/19.

**For cases before the Hon. Robert N. Opel, II and Hon. John J. Thomas (indicated in the Case No. with the initials "JJT" or "RNO" respectively):**

Any objections to confirmation of the Plan will be heard at the above-scheduled confirmation hearing. Counsel should be prepared to proceed on any unresolved objections to the Plan at this time.

**For cases before the Hon. Henry W. Van Eck (indicated in the Case No. with the initials "HWV"):**

Evidentiary hearings will not be conducted at the time of the confirmation hearing. If it is determined at the confirmation hearing that an evidentiary hearing is required, an evidentiary hearing will be scheduled for a future date.

A copy of the Plan is enclosed with this Notice. A copy may also be obtained from the case docket through PACER or from the Bankruptcy Clerk's Office.

Requests to participate in a hearing telephonically shall be made in accordance with Local Bankruptcy Rule 9074-1(a).

Date: 5/6/19     Filed by: Tullio DeLuca

381 N. 9th Avenue

Scranton, PA 18504

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| IN RE: | | CHAPTER 13 |
|---|---|---|
| HUMBERTO J. GOMEZ<br>a/k/a Humberto Javier Gomez Aracena | | CASE NO. 5-18-05119 |
| | | ___ ORIGINAL PLAN |
| | | _x_ AMENDED PLAN (Indicate 1ST, 2ND, 3RD, etc) |
| | | ___ Number of Motions to Avoid Liens |
| | | ___ Number of Motions to Value Collateral |

### CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the Plan.

| 1 | The plan contains nonstandard provisions, set out in §9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | * | Included | ☐ | Not Included |
|---|---|---|---|---|---|
| 2 | The plan contains a limit on the amount of a secured claim, set out in §2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ | Not Included | * | Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in §2.G | ☐ | Included | * | Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the Plan.

1. **PLAN FUNDING AND LENGTH OF PLAN.**

   A. **Plan Payments From Future Income**

      1. To date, the Debtor paid $0.00 (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following

payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $64,960.00, plus other payments and property stated in §1B below:

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 01/2019 | 04/2019 | $0.00 | $0.00 | $623.00 | $0.00 |
| 05/2019 | 12/2023 | $1,160.00 | $0.00 | $1,160.00 | $64,960.00 |
| | | | | Total Payments: | $64,960.00 |

    2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify te Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

    3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

    4. CHECK ONE:    (x) Debtor is at or under median income. *If this line is checked, the rest of §1.A.4 need not be completed or reproduced.*

                                  ( ) Debtor is over median income. Debtor estimates that a minimum of $ _____ must be paid to allowed unsecured creditors in order to comply with the Means Test.

**B. Additional Plan Funding From Liquidation of Assets/Other**

    1.    The Debtor estimates that the liquidation value of this estate is $0.00. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

    __X__    No assets will be liquidated. *If this line is checked, the rest of §1.B need not be completed or reproduced.*

    ____    Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $_____ from the sale of property known and designated as _____. All sales shall be completed by _____, 20___. If the property does not sell by the date specified, then the disposition of the property shall be as follows: _____.

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: _____.

2. **SECURED CLAIMS.**

   A. **Pre-Confirmation Distributions.** *Check one.*

   _X_ None. *If "None" is checked, the rest of §2.A need not be completed or reproduced.*

   ____ Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

   | Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
   |---|---|---|
   |  |  |  |

   1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

   2. If a mortgagee files a notice pursuant to Fed. R. Bankr.P.3002.1(b), the change in the conduit payment to the Trustee will not require modification of this Plan.

   B. **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** Check One.

   ____ None. If "None" is checked, the rest of §2.B need not be completed or reproduced.

   _X_ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

Case 5:18-bk-05119-RNO    Doc 47    Filed 05/15/19    Entered 05/15/19 09:07:36    Desc
Main Document    Page 5 of 14

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| M&T Bank | 124 New Alexander St., Wilkes-Barre, PA 18702 | 7380 |
| North Mill Credit Trust, f/k/a EFS Credit Trust | 2006 Freightliner Columbia | 8001 |
|  |  |  |

C. Arrears (Including, but not limited to, claims secured by Debtor's principal residence). Check one.

___ None. If "None" is checked, the rest of §2.C need not be completed or reproduced.

_x_ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under §1322(b)(5) of the Bankruptcy Code.

| Name of Creditor | Description of Collateral | Estimated Pre-Petition Arrears to be Cured | Estimated Post-Petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| M&T Bank | 124 New Alexander St., Wilkes-Barre, PA 18702 | $31,696.23 | None | $31,696.23 |
| North Mill Credit Trust, f/k/a EFS Credit Trust | 2006 Freightliner Columbia | $6,449.52 | None | $6,449.52 |
|  |  |  |  |  |

**D. Other secured claims (conduit payments and claims for which a §506 valuation is not applicable, etc.)**

__ None. If "None" is checked, the rest of §2.D need not be completed or reproduced.

_X_ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| Luzerne County Flood Protection Authority, c/o Portnoff | 124 New Alexander St., Wilkes-Barre, PA 18702 | $501.22 | 10% $138.00 | $639.22 |
| Wyoming Valley Sanitary Auth. | 124 New Alexander St., Wilkes-Barre, PA 18702 | $699.12 | Zero | $699.12 |
| PA Department of Revenue | Personal Property | $5,216.29 | 3% $408.00 | $5,624.29 |

**E.** **Secured claims for which §506 valuation is applicable.** Check one.

\_\_\_ None. If "None" is checked, the rest of §2.E need not be completed or reproduced.

_X_ Claims listed in the subsection are debts secured by property not described in §2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary action or other action (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee tat the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan, Adversary or Other Action |
|---|---|---|---|---|---|
| Pine Crest Marina | 124 New Alexander St., Wilkes-Barre, PA 18702 | Zero | None | Zero | Adversary |
|  |  |  |  |  |  |

**F. Surrender of Collateral.** Check one.

\_\_\_ None. If "None" is checked, the rest of §2.F need not be completed or reproduced.

_X_ The Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor requests that upon confirmation of this plan or upon approval of any modified plan the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under §1301 be terminated in

all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 4 below.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
| Dakota Financial, LLC | 2012 Volvo VN |
| North Mill Equipment Finance | 2007 Peterbilt |
|  |  |

    G.    **Lien Avoidance.** Do not use for mortgages or for statutory liens, such as tax liens. Check one.

  **X**  None. If "None" is checked, the rest of §2.G need not be completed or reproduced.

  ___  The Debtor moves to avoid the following judicial and/or nonpossessory, non-purchase money liens of the following creditors pursuant to §522(f) (this §should not be used for statutory or consensual liens such as mortgages).

| Name of Lien Holder |  |  |  |
|---|---|---|---|
| Lien Description For judicial lien, include court and docket number |  |  |  |
| Description of the liened property |  |  |  |
| Liened Asset Value |  |  |  |
| Sum of Senior Liens |  |  |  |
| Exemption Claimed |  |  |  |
| Amount of Lien |  |  |  |
| Amount Avoided |  |  |  |

3.    **PRIORITY CLAIMS.**

    A.    **Administrative Claims**

        1.    **Trustee's Fees.** Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

2. <u>Attorney's Fees.</u> Complete only one of the following options:

   a. In addition to the retainer of $1,000.00 already paid by the Debtor, the amount of $3,000.00 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2( c); or

   b. $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

3. <u>Other.</u> Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. Check one of the following two lines.

   __X__ None. If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.

   _____ The following administrative claims will be paid in full.

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |
|  |  |

B. **<u>Priority Claims (including, certain Domestic Support Obligations)</u>**

Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under §9.

| Name of Creditor | Estimated Total Payment |
|---|---|
| Berkheimer Tax Administrator | $6,040.00 |
| PA Dept of Revenue | $2,427.38 |
| Luzerne County Domestic Relations | $3,551.00 |

C. **<u>Domestic Support Obligations assigned to or owed to a governmental unit</u>**

**under 11 U.S.C. § (a)(1)(B).** Check one of the following two lines.

__X__ None. If "None" is checked, the rest of § 3.C need not be completed or reproduced.

____ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. This plan provision requires that payments in § 1.A. be for a term of 60 months (see 11 U.S.C. § 1322 (a)(4)).

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |

4. **UNSECURED CLAIMS**

   A. **Claims of Unsecured Nonpriority Creditors Specially Classified.** Check one of the following two lines.

   __X__ None. If "None" is checked, the rest of § 4.A need not be completed or reproduced.

   ____ To the extent that funds are available, the allowed amount of the following unsecured claims, such as co-signed unsecured debts, will be paid before other, unclassified, unsecured claims. The claim shall be paid interest at the rate stated below. If no rate is stated, the interest rate set forth in the proof of claim shall apply.

   | Name of Creditor | Reason for Special Classification | Estimated Amount of Claim | Interest Rate | Estimated Total Payment |
   |---|---|---|---|---|
   |  |  |  |  |  |

   B. Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** Check one of the following two lines.

   __X__ None. If "None" is checked, the rest of § 5 need not be completed or reproduced.

___ The following contracts and leases are assumed (and arrears in the allowed claim to be cured in the plan) or rejected:

| Name of Other Party | Description of Contract or Lease | Monthly Payment | Interest Rate | Estimated Arrears | Total Plan Payment | Assume or Reject |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |

6. **VESTING OF PROPERTY OF THE ESTATE.**

   **Property of the estate will vest in the Debtor upon**

   Check the applicable line:

   ___ plan confirmation.
   ___ entry of discharge.
   _X_ closing of case.

7. **DISCHARGE: (Check one)**

   (X) The debtor will seek a discharge pursuant to § 1328(a).
   ( ) The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

8. **ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to an objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:
Level 1: Adequate Protection Payments
Level 2: Debtor's Attorney Fees
Level 3: Domestic Support Obligations
Level 4: Secured Claims, Pro Rata
Level 5: Priority Claims, pro rata
Level 6: Specially classified unsecured claims
Level 7: Timely filed general unsecured claims
Level 8: Untimely filed general unsecured claims to which Debtor has not objected

If the above Levels are filled in, the rest of § 8 need not be completed or reproduced. If the above Levels are not filled-in, then the order of distribution of plan payments will be determined

by the Trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

## 9. NONSTANDARD PLAN PROVISIONS

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

The following is a summary of the creditors and amounts to be paid by the Trustee pursuant to this Plan:

| | |
|---|---|
| Chapter 13 Trustee | $ 4,833.24(est.) |
| Tullio DeLuca, Esq., | $ 3,000.00 |
| M&T Bank | $ 31,696.23 (arrears) |
| North Mill Credit Trust | $ 6,449.52 (arrears) |
| Luzerne County Flood Protection | $ 639.22(allowed secured claim) |
| Wyoming Valley Sanitary Auth. | $ 699.12 (allowed secured claim) |
| PA Department of Revenue | $ 5,624.29 (allowed secured claim) |
| Berkheimer | $ 6,040.00 (allowed priority claim) |
| PA Dept. of Revenue | $ 2,427.38 (allowed priority claim) |
| Luzerne County Dom. Relations | $ 3,551.00 (allowed priority claim) |
| Total: | $ 64,960.00 |

Dated: May 5, 2019                   /s/Tullio DeLuca
                                     Attorney for Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in §9.

Label Matrix for local noticing
0314-5
Case 5:18-bk-05119-RNO
Middle District of Pennsylvania
Wilkes-Barre
Mon May  6 15:09:49 EDT 2019

AT & T Mobility II, LLC
c/o AT&T Services, Inc.
Karen A. Cavagnaro - Lead Paralegal
One AT&T Way, Rm.3A104
Bedminster, NJ 07921-2693

Berkheimer Tax Administrator
P.O. Box 25144
Lehigh Valley, PA 18002-5144

Berkheimer, Agent for Wilkes-Barre City/ASD
50 North Seventh Street
Bangor, PA 18013-1731

Caine & Weiner
1699 E. Woodfield Rd. 360
Schaumburg, IL 60173-4935

Capital One
PO Box 30285
Salt Lake City, UT 84130-0285

Capital One Auto Finance
P.O. Box 260848
Plano, TX 75026-0848

Capital One Bank (USA), N.A.
PO Box 71083
Charlotte, NC 28272-1083

Capital Premium, Inc.
P.O. Box 660899
Dallas, TX 75266-0899

City of Wilkes-Barre
Recycling
40 E. Market St.
Wilkes-Barre, PA 18711-0454

City of Wilkes-Barre
Sewer Maintenance Fee
P.O. Box 1324
Wilkes-Barre, PA 18703-1324

Commonwealth of Pennsylvania
200 Hazle St.
Wilkes-Barre, PA 18702-4828

Crest Financial
61 W 13490 S
Draper, UT 84020-7209

Dakota Financial, LLC
11755 Wilshire Blvd.
Los Angeles, CA 90025-1526

Charles J DeHart, III (Trustee)
8125 Adams Drive, Suite A
Hummelstown, PA 17036-8625

Tullio DeLuca
381 N. 9th Avenue
Scranton, PA 18504-2005

Deirdre M Richards, Esq
Fineman Krekstein & Harris PC
1801 Market Street, Suite 1100
Philadelphia, PA 19103-1605

ECMC
P.O. Box 16408
St. Paul, MN 55116-0408

Financial Pacific Leasing, Inc.
3455 S 344th Way 00
Federal Way, WA 98001-9546

(p)GATEWAY ONE LENDING & FINANCE LLC
175 N RIVERVIEW DRIVE
ANAHEIM CA 92808-1225

Humberto J. Gomez
124 New Alexander St.
Wilkes-Barre, PA 18702-2104

Hunter Warfield
4620 Woodland Corporate Blvd.
Tampa, FL 33614-2415

Internal Revenue Service
Special Procedures Branch
PO Box 7346
Philadelphia, PA 19101-7346

Karol I. Ganoza
124 New Alexander St.
Wilkes-Barre, PA 18702-2104

Christos A Katsaounis
Commonwealth of PA, Dept of Revenue
Office of Chief Counsel
Dept 281061
Harrisburg, PA 17128-1061

Law offices of Tullio DeLuca
381 N. 9th Avenue
Scranton, PA 18504-2005

Linebarger Goggan Blair & Sampson, LLP
P.O. Box 90128
Harrisburg, PA 17109-0128

Luzerne County Domestic Relations
113 North Street
Wilkes-Barre, PA 18707-9645

Luzerne County Flood Protection Authority
c/o Portnoff Law Associates, Ltd.
P.O. Box 3020
Norristown, PA 19404-3020

(p)M&T BANK
LEGAL DOCUMENT PROCESSING
626 COMMERCE DRIVE
AMHERST NY 14228-2307

Case 5:18-bk-05119-RNO    Doc 47    Filed 05/15/19    Entered 05/15/19 09:07:36    Desc
Main Document    Page 14 of 14